UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAUL ANTHONY TUMA<br><br>                    Petitioner,<br><br>        v.<br><br>ALICE PAYNE,<br><br>                    Respondent. | Case No.  C05-5827RJB<br><br>REPORT AND<br>RECOMMENDATION<br><br>**NOTED FOR:**<br>**MAY 26TH, 2006** |

This habeas corpus action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner filed this action under 28 U.S.C. § 2254.

INTRODUCTION, PROCEDURAL HISTORY, AND SUMMARY CONCLUSION

Petitioner challenges a 2002 Thurston County conviction by guilty plea for manufacturing a controlled substance, methamphetamine.  (Dkt. #15, Exhibit 1).  He was sentenced on July 31st, 2002 to 67 months.  (Dkt. # 15, Exhibit 1).  Petitioner did not file a direct appeal, however the documentation petitioner attaches to his traverse shows he did file a motion to withdraw his guilty plea on January 15th, 2003.  (Dkt. # 22-2 page 2).  This motion was ultimately transferred to the Washington Court of Appeals to be handled as a Personal Restraint Petition on March 13th, 2003.  (Dkt. # 22 page 2).

REPORT AND RECOMMENDATION
Page - 1

The Personal Restraint Petition was denied and a certificate of finality was entered on October 17th, 2003. (Dkt. # 15, Exhibit 4). Over one year later on December 21st, 2004 petitioner filed a second Personal Restraint Petition which the Washington Court of Appeals held was time barred. (Dkt. # 15, Exhibits 5 and 6). A motion for discretionary review was filed and the Washington State Supreme Court agreed the second petition was time barred. (Dkt. # 15, Exhibits 7 and 8). A motion to modify the ruling was denied on November 30th, 2005 ending state review. (Dkt. # 15, Exhibit 10).

The court has reviewed the record and agrees with the state courts that this petition is time barred.

## DISCUSSION

### One Year Limitation Period of 28 U.S.C. § 2244(d)

Federal habeas corpus petitions are subject to a statue of limitations under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Giving Mr. Tuma the benefit of the 30 days he had to file a direct appeal, the one year time frame would have commenced 30 days after he was sentenced. Thus the one year time frame began on August 30th, 2002. (Dkt. # 15, Exhibit 1). Rather than using the date Mr. Tuma's motion to vacate his plea was transferred to the state court of appeals this court will use the earlier date of

REPORT AND RECOMMENDATION
Page - 2

January 15th, 2003 when Mr. Tuma filed his motion to withdraw the guilty plea. 138 days of the 365 days expired between August 30th, 2002 and January 15th, 2003 leaving 227 days left on the one year time frame.

On October 17th 2003 the Washington State Court of Appeals entered the certificate of finality. (Dkt. # 15, Exhibit 4). While the petition had been dismissed earlier the court will again give petitioner the benefit of the best possible time frame. From October 17th, 2003 till May 31st, 2004 the remaining 227 days of the one year statute ran without interruption. When petitioner filed his second Personal Restraint Petition on December 21st, 2004 he was 204 days past the one year statute of limitations. (Dkt. # 15, Exhibit 5).

Petitioner argues the statute of limitations does not matter because his Judgment and Sentence is invalid on its face. (Dkt. # 22). Petitioner proceeds to argue the merits of his action and to challenge the sufficiency of the evidence. (Dkt. # 22). The argument goes beyond the face of the Judgement and Sentence and is not convincing. The court recommends **DISMISSAL** of this petition as time barred.

## CONCLUSION

This petition is time barred. Accordingly, the petition should be **DISMISSED WITH PREJUDICE.** A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 26th, 2006**, as noted in the caption.

Dated this 4th day of May, 2006.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3