UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL ANTHONY TUMA,

    Petitioner,

    v.

ALICE PAYNE,

    Respondent.

Case No. C05-5827RJB

ORDER ADOPTING REPORT AND RECOMMENDATION

    This matter comes before the Court upon the Report and Recommendation of J. Kelley Arnold, United States Magistrate Judge. Dkt. 24-1. The Court has reviewed the Report and Recommendation, Petitioner's Objections to the Report and Recommendation, the entire file, and is fully advised.

    Petitioner filed the instant case on December 23, 2005. Dkt. 1. He challenges his 2002 Thurston County conviction by guilty plea for manufacturing a controlled substance, methamphetamine. Dkt. 5. Petitioner alleges in his Complaint that 1) the statute he was convicted on was unconstitutional on its face, 2) he was not afforded constitutionally sufficient counsel and 3) his Fourteenth Amendment rights were violated. *Id.*

    The procedural facts are recounted in the Report and Recommendation and shall not be repeated here. The Report and Recommendation recommends dismissal of the instant petition as time barred. Dkt. 24-1.

ORDER - 1

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a petitioner has only one year within which to bring a habeas petition. 28 U.S.C. § 2244(d)(1). The one year time limit begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* Upon review of the record, the one year statue of limitations expired in May of 2004. Petitioner objects, and makes reference to "newly discovered evidence," a crime laboratory report dated May 21, 2002. Dkt. 26. Petitioner fails to show that this report could not have been discovered through the exercise of due diligence. Petitioner does not show that any of the remaining above exceptions apply. Petitioner merely reargues the merits of his petition. Dkt. 26. This petition should be dismissed with prejudice.

Therefore, it is hereby **ORDERED** that,

(1)  The Court **ADOPTS** the Report and Recommendation;

(2)  The petition is **DISMISSED WITH PREJUDICE** for the reasons set forth in the Report and Recommendation.

(3)  The clerk is directed to send copies of this Order to Petitioner, counsel for Respondent, and to the Hon. J. Kelley Arnold.

DATED this 15th day of June, 2006.

Robert J. Bryan
United States District Judge

ORDER - 2